UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MARK STEHLY,

                         Plaintiff,         **MEMORANDUM AND ORDER**
                                           2:18-cv-05103 (DRH)(ARL)

   - against –

CLIENT SERVICES, INC.,

                         Defendant.
---------------------------------------------------------X

**APPEARANCES**

**BARSHAY SANDERS, PLLC**
Attorneys for Plaintiff
100 Garden City Plaza Suite 500
Garden City, NY 11530
By:    Craig B. Sanders, Esq.
         David M. Barshay, Esq.
         Jonathan Mark Cader, Esq.

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
Attorney for Defendant
50 Fountain Plaza Suite 1700
Buffalo, NY 14202
By:    Brendan Hoffman Little, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff Mark Stehly ("Plaintiff") brought this action against Defendant Client Services, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"). Presently before the Court is Defendant's motion pursuant to Fed. R. Civ. P. ("Rule") 12(c) for a judgment on the pleadings. For the reasons explained below, the motion is granted.

## BACKGROUND

The following relevant facts come from the Complaint, and are assumed true for purposes of this motion.

Plaintiff, an individual residing in Nassau County, New York is a "consumer" pursuant to the FDCPA, 15 U.S.C. § 1692a(3). (Compl. [DE 1] ¶¶ 5–6.) Defendant, a Missouri Corporation, is regularly engaged for profit in the collection of consumer debts, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). (*Id.* ¶¶ 8–9.)

Defendant alleges Plaintiff owes a debt in the amount of $3,222.56 ("the Debt") to Chase Bank USA, N.A. ("Chase"). (*Id.* ¶ 10.) After incurring the Debt, Plaintiff fell behind on payments. (*Id.* ¶ 12.) Sometime thereafter, the Debt was assigned or otherwise transferred to Defendant for collection. (*Id.* ¶ 13.)

In an effort to collect the Debt owed by Plaintiff, Defendant sent Plaintiff a letter dated October 10, 2014 ("the Letter"). (*Id.* ¶ 14.) The upper left-hand corner of the Letter included Defendant's logo and address. (Letter from Defendant to Plaintiff [DE 1-1] Ex. 1. to Compl. at 1.) The following information was provided below Defendant's address:

> RE: CHASE BANK USA, N.A.
>
> ACCOUNT NUMBER: XXXXXXXXXXXXX8549
>
> BALANCE DUE: $3,222.56
>
> REFERENCE NUMBER: [Client Services, Inc. redaction]6972

(*Id.*)

The body of the Letter contained a settlement offer. (*Id.*) In the Letter, Defendant offered Plaintiff "a settlement amount of $323.00, to settle this CHASE BANK USA, N.A. account for less than the balance due." (*Id.*) Additionally, the Letter warned Plaintiff that if he

elected to accept the offer by settling the Debt for less than the full outstanding balance that may result in Chase offering him less favorable terms in the future for certain Chase products or services, or denying his future applications for such products and services. (*Id*.) Also in the body of the Letter was a notification that the communication was from a debt collector. (*Id*.) It stated in pertinent part: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (*Id*.) (emphasis in original).

The bottom right-hand corner of the Letter provided the payment instructions. (*Id*.) Plaintiff was instructed to make all checks payable to Defendant, and remit payments to Defendant's specified address. (*Id*.) The Letter did not indicate whether Plaintiff could make a direct payment to Chase. (*Id*.)

## LEGAL STANDARD

The standard for evaluating a motion for a judgment on the pleadings, pursuant to Rule 12(c), is the same as the standard for a motion to dismiss under Rule 12(b)(6). *See Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 113 (2d Cir. 2005). In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2d Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *accord Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Harris*, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. Determining whether a complaint does so is "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*; *accord Harris*, 572 F.3d at 72.

In making its determination, the Court is confined to "the allegations contained within the four corners of [the] complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

## DISCUSSION

I. *The Parties' Arguments*

Plaintiff brings two causes of action against Defendant: (1) failure to set forth or appropriately identify the "creditor" in violation of 15 U.S.C. § 1692e; and (2) using false, deceptive, or misleading representation to collect a debt in violation of 15 U.S.C. § 1692e. (Compl. ¶¶ 39–47.) Plaintiff claims that Defendant failed to explicitly, or clearly, state the name of the creditor to whom the debt is owed. (*Id.*) Plaintiff further argues that the exclusion of the creditor's identity allows the Letter to be reasonably read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate. (*Id.*) Therefore, the Letter is said to be deceptive within the meaning of 15 U.S.C. § 1692e. (*Id.*)

In support of its motion, Defendant argues that it clearly and accurately provided Plaintiff with the name of the creditor to whom the debt is owed. (Def.'s Mem. in Supp. [DE 11-1] at 2.) Defendant also maintains that both claims under the FDCPA are foreclosed by Second Circuit precedent. (*Id.* at 3.)

II.     FDCPA § 1692e — The Name of the Creditor

    a. Legal Standard

FDCPA § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The FDCPA prohibits debt collectors from using not only false representations, but also 'deceptive . . . or misleading ones.'" *DiMatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P.*, 619 F. App'x 7, 9 (2d Cir. 2015) (quoting 15 U.S.C. § 1692e)). The Second Circuit has explained that to evaluate whether a communication is deceptive or misleading, courts should use "an objective standard based on the 'least sophisticated consumer,' in order 'to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *DiMatteo*, 619 F. App'x at 9 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). Collection communications are deceptive under this standard "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Id.*

Additionally, FDCPA § 1692g(a) mandates that a debt collector provide "the name of the creditor to whom the debt is owed[.]" 15 U.S.C. § 1692g(a)(2). "Courts of this district have repeatedly held that merely stating RE and the name of an entity in a collection letter does not satisfy the requirements of the FDCPA." *Goldtsein v. Diversified Adjustment Service, Inc.*, 2017 WL 5592683, at *3 (E.D.N.Y. Nov. 20, 2017) (quoting *Taylor v. MRS BPO, LLC*, 2017 WL 2861785, at *1 (E.D.N.Y. July 5, 2017)).

The Second Circuit has not decided exactly how clearly "a debt collection notice must identify the name of the creditor to whom the debt is owed in order to satisfy the validation requirements of Section 1692g(a)(2)." *Datiz v. Int'l Recovery Assocs., Inc.*, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) (citing *Clomon*, 988 F. 2d at 1319). However, the Circuit has

acknowledged that at least one other circuit has held that that collection notices can provide certain essential information implicitly. *See Clomon*, 988 F. 2d at 1319 (citing *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028–29 (6th Cir. 1993)). Likewise, there is precedent in this district for finding that a collection letter can meet the requirements of FDCPA § 1692g(a) implicitly. *See, e.g.*, *Datiz*, 2016 WL 4148330, at *11 ("[A] debt collector cannot satisfy Section 1692(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed"); *see also Goldtsein*, 2017 WL 5592683, at *3 ("[A]lthough the letter does not explicitly identify Sprint as the current creditor, several portions of the letter implicitly do so, which [] is adequate for purposes of the FDCPA"); *Taubenfliegel v. Miller & Milone, P.C.*, 2018 WL 6605856, at *2 (E.D.N.Y Dec. 17, 2018) (quoting the same); *Taylor*, 2017 WL 2861785, at *1 (finding that a collection letter met the requirements of the FDPA by "implicitly" identifying the creditor); *Schlesinger v. Jzanus Ltd.*, 2018 WL 2376302, at *2 (E.D.N.Y. May 24, 2018) ("Reading defendant's letters as a whole compels the conclusion that the letters clearly and effectively identified the respective creditors. Although the letters do not explicitly identify the 'client' as the creditor, several portions of the letters implicitly do so").

Based on this precedent, it seems that a collection letter can implicitly identify a creditor by naming such creditor multiple times and referring to it in some way that confirms that the entity in question is the creditor. *See*, *e.g.*, *Goldtsein*, 2017 WL 5592683, at *2 (holding that a letter implicitly identified a creditor by naming such creditor seven times therein and stating that the previously-referenced account was placed with the defendant for collection); *see also Taylor*, 2017 WL 2861785, at *3 (holding that a letter implicitly identified a creditor by naming such

creditor three times therein and stating that if the plaintiff settled for less than the full outstanding balance the creditor in question may deny future applications).

In evaluating whether a communication meets the requirement set forth in FDCPA § 1692g(a), "[t]he court's role is to assess whether the 'least sophisticated consumer' *who read[s] the entire letter* would have been aware that the name of the creditor appeared in the letter[.]" *See Eger v. Southwest Credit Systems, L.P.*, 2019 WL 1574802, at *4 (E.D.N.Y. April 11, 2019) (emphasis in original) (quoting *Dwewws v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007)).

b.  The Motion for a Judgment on the Pleading is Granted as to Count 1 of the Complaint

In the Complaint, Plaintiff asserts that the Letter fails to adequately identify the name of the creditor to whom his debt is owed. (Compl. ¶¶ 28–42.)  In particular, Plaintiff asserts that the Letter fails to identify by name or label any entity as "creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed." (*Id.* ¶ 28.)

As an initial matter, the Court has previously held in *Homa v. GC Servs. Ltd. P'ship*, that specific designations of the creditor's identity are not required to satisfy the FDCPA. *See* 2018 WL 4636816, at *6 (E.D.N.Y. Sept. 27, 2018), Recons., 2019 WL 2193462, at *1 (E.D.N.Y. May 21, 2019). "Courts in the Eastern District have held that even if a collection letter does not use the words 'creditor' or 'owner' to identify the current holder of the debt, 'the FDCPA does not require debt collectors to use "magic words" to avoid liability.'" *Id.* (citing *Romano v. Schacter Portnoy, L.L.C.*, 2017 WL 2804930, at *3 (E.D.N.Y. June 28, 2018)). Plaintiff acknowledges this precedent in his Memorandum in Opposition and concedes that no "magic words" are required. (*See* P.'s Mem. in Opp. [DE 12] (hereinafter "Mem. in Opp.") at 9.)

Despite this conclusion, Plaintiff maintains that the least sophisticated consumer would likely be confused, or uncertain, as to the name of the creditor to whom the debt is owed, because the Letter instructs the Plaintiff to make checks payable to Defendant. (*Id.* at 2.) In support of this proposition, Plaintiff cites to *White v. Prof'l Claims Bureau, Inc.,* in which the court granted summary judgment and held that the communication could confuse the least sophisticated consumer by solely stating the creditor's name following the word "Re." 284 F. Supp. 3d 351, 362 (E.D.N.Y. 2018).

This argument is unavailing, as the facts here are readily distinguishable from the facts in *White*. Plaintiff is correct in arguing that the letter in *White* mandates payment be made to the defendant therein. *Id*. at 356 ("The payment slip portion of each letter also includes that plaintiff's mailing address, Professional Claim's Bureau's mailing address, and a return address for '[such bureau].'"). However, this fact alone was not determinative. In *White*, the court noted that the defendant's letters to the plaintiffs contained only "one ambiguous reference" to the creditor, a medical institution, in the upper right-hand corner of the letters following the word "Re." *Id*. at 362; *see also Datiz*, 2016 WL 4138330, at *8; *McGinty v. Prof'l Claims Bureau, Inc.*, 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016). Likewise, after the "Re" line, "nothing else in the letter direct[ed] the recipient back to the creditor's name" and the body of the letter only referred to the creditor as defendant's client. 284 F. Supp. 3d at 362. The *White* court found that the language in the letter was "at best unclear to the 'least sophisticated consumer' which entity owned plaintiffs' debts" and "it is equally, if not more likely, that recipients would read these collection notices to suggest that the creditor they would be paying was defendant." *Id.*

By contrast to the *White* letter, the Letter at bar contains three explicit references to the creditor, Chase. First, the Letter states, in the upper left-hand corner, "RE: CHASE BANK

USA, N.A.." (Ex 1 to Compl. at 1.)  While this alone is not enough, the body of the Letter then goes on to say that "[w]e are offering you a settlement amount of $323.00, to settle this CHASE BANK USA, N.A. account for less than the balance due."  (Id.)  Finally, the body of the Letter also states: "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."  (Id.)  The Court finds that Defendant's instruction to remit payments to Defendant would not confuse the least sophisticated consumer as to the creditor's identity given that the Letter specifically references Chase three separate times, including one explicit reference to Plaintiff's Chase account.

Moreover, the facts here are closely aligned with the facts of *Taylor*, 2017 WL 2861785, at *1.  As described above, in *Taylor*, the court granted the defendant's motion to dismiss, holding that the least sophisticated consumer could identify the identity of the current creditor when the letter was read in its entirety.  *Id*.  The letter in *Taylor* stated in pertinent part, "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products."  *Id*. at *1.  The language in the Letter at bar is nearly identical.  Further, *Taylor* noted that, "the subject line of the Collection Letter identifies both the Creditor, Chase, and plaintiff's account number with Chase Bank.  This 'strongly suggests' that Chase is the current creditor."  *Id*. at *3 (quoting *Santibanez v. Nat. Credit Sys., Inc*., 2017 WL 126111, at *3 (D. Or. Jan. 12, 2017) ("Here, the subject line contains a single name (EMC) and a single account number.  This strongly suggests that EMC is the creditor.")).  Here, as in *Taylor*, the subject line of the Letter contains a single name, Chase, and Plaintiff's account number.

Based on the foregoing, the Letter "implicitly make[s] clear" that Chase is the current creditor, such that even the least sophisticated consumer would know to whom the Debt is owed and on whose behalf the Defendant seeks to collect the Debt. Accordingly, Defendant's motion for a judgment on the pleadings is granted as to Count 1 of the Complaint.

III. *FDCPA § 1692e — Using a False, Deceptive and Misleading Representation*

a. Legal Standard

The purpose of FDCPA § 1692e is "to eliminate abusive debt collection practices by debt collectors." *Sykes v. Mel S. Harris & Assoc. LLC*, 780 F.3d 70, 82 (2d Cir. 2015) (citing 15 U.S.C. § 1692(e)). "A consumer who receives a communication that violates the FDCPA need not show she was confused by the communication in order to prevail in her private cause of action." *Reynolds v. Caine & Weiner Company, Inc*., 2018 WL 5928123, at *2 (E.D.N.Y. Nov. 13, 2018). Instead, the plaintiff must demonstrate "that the least sophisticated consumer would be confused." *Id.* (citing *Jacobson v. Healthcare Financial Services, Inc*., 516 F.3d 85, 91 (2d Cir. 2008)). "A communication is considered false, deceptive, or misleading to the 'least sophisticated consumer' if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *White*, 284 F. Supp. 3d at 361 (quoting *Esterling v. Collecto, Inc*., 692 F.3d 229, 233 (2d Cir. 2012)).

b. The Motion for a Judgment on the Pleading is Granted as to Count 2 of the Complaint

Plaintiff argues that Defendant violated § 1692e by using false, deceptive, and misleading representation to collect a debt. (Compl. ¶ 47.) Specifically, Plaintiff asserts that the least sophisticated consumer could read the Letter and be reasonably led to believe either that: (1) Defendant is the current creditor of the debt that originated with Chase; or (2) Chase is still the creditor to whom the debt is owed. (Mem. in Opp. at 2.)

The Court is not persuaded that there are any reasonable but inaccurate interpretations of the Letter that would render the communication false, deceptive, or misleading to the least sophisticated consumer. When read in its entirety, the Letter implicitly makes clear that Chase is the current creditor to whom the debt is owed, and Defendant is the debt collector. *See Schlesinger*, 2018 WL 2376302, at *2. "The FDCPA does not require debt collectors to spell out every term that a consumer can be reasonably expected to infer from the whole of a letter." *Id*. at *3. Here, even the least sophisticated consumer would comprehend that Defendant is collecting the debt on behalf of the creditor, Chase, in light of the three references to Chase, the inclusion of Plaintiff's Chase account number, the statement that settling the debt for less than the full amount may result in rejection by Chase on future Chase product applications, and the disclosure that the Letter is a "COMMUNICATION FROM A DEBT COLLECTOR." (Ex. 1 to Compl. at 1) (emphasis in original). The sole fact that the Letter instructs Plaintiff to make checks payable to Defendant does not mean that the least sophisticated consumer would be uncertain as to the identity of the creditor. *See DeLeon v. Action Collection Agency of Boston*, 2018 WL 2089343, at *3 (S.D.N.Y. May 3, 2018) (holding that the least sophisticated consumer reading the Letter would not be confused as to the identity of the creditor, because, *inter alia*, the Letter explicitly clarifies the sender was acting as a debt collector). Therefore, Defendant's motion for judgment on the pleadings is granted as to Count 2 of the Complaint.

**CONCLUSION**

For all of the foregoing reasons, Defendant's motion for a judgment on the pleadings pursuant to Rule 12(c) is granted as to all claims and the Complaint is dismissed in its entirety.

The Clerk of the Court is directed to enter judgment and close the case.

**SO ORDERED**

Dated: Central Islip, New York
      June 27, 2019

                                                /s/
                                       Denis R. Hurley
                                       Unites States District Judge